1  David Martinez, Bar No. 193183
   DMartinez@RobinsKaplan.com
2  **ROBINS KAPLAN LLP**
   2049 Century Park East, Suite 3400
3  Los Angeles, CA  90067-3208
   Telephone: (310) 552-0130
4  Facsimile:   (310) 229-5800

5  Attorneys for Plaintiff
   Yonder Global, PBC.

6

7

8                 **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | YONDER GLOBAL, PBC., a Delaware Corporation, | Case No. 2:21-cv-05359 |
   |---|---|
   | Plaintiff, | **COMPLAINT FOR:** |
   | v. | **(1)   FEDERAL TRADEMARK INFRINGEMENT (LANHAM ACT, 15 U.S.C. § 1114);** |
   | YONDER, INC., a North Carolina Corporation; and DOES 1 through 10, | **(2)   FALSE DESIGNATION OF ORIGIN (LANHAM ACT, 15 U.S.C. § 1125(a));** |
   | Defendants. | **(3)   CANCELLATION OF REGISTERED TRADEMARK;** |
   |  | **(4)   COMMON LAW AND STATUTORY TRADE NAME INFRINGEMENT;** |
   |  | **(5)   UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200); AND** |
   |  | **(6)   COMMON LAW UNFAIR COMPETITION** |
   |  | **DEMAND FOR JURY TRIAL** |

    Plaintiff Yonder Global, PBC. ("YONDER") hereby alleges and avers based on knowledge as to its acts and based on information and belief as to the acts of others, as follows:

COMPLAINT FOR TRADEMARK INFRINGEMENT

61794196.1

## INTRODUCTION

1. YONDER brings this action seeking injunctive relief, cancellation of Defendant's trademark registration, and damages in order to protect and enforce its rights against knowing and willful infringement by Defendant Yonder, Inc. ("Defendant").

2. YONDER is an international agro-tourism and eco-tourism travel information services and booking platform for temporary accommodations and outdoor activities. YONDER's business model is anchored on environmental sustainability and stewardship.

3. YONDER has priority over Defendant with respect to the mark YONDER ("YONDER Mark"). Defendant knows this. Defendant nevertheless continues to use the YONDER Mark to provide a wide variety of travel information services, including travel and destination planning, booking services, outdoor events, cultural events, destination information and "guest services" for travelers, including "tailored" travel information services, including through yondervacationrentals.com/yonder-experience.

4. Defendant's misconduct is likely to cause confusion and cause YONDER harm. As a result, YONDER brings this action to protect its valuable intellectual property and obtain legal redress.

## THE PARTIES

5. YONDER is a Delaware Corporation with a principal place of business in Los Angeles County, California.

6. YONDER is informed and believes and based thereon alleges that defendant Yonder, Inc. is a North Carolina corporation whose principal place of business is located at 778 Fairview Road, Suite 100, Asheville, North Carolina 28803.

7. YONDER is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 10,

inclusive, or any of them, and therefore sues these Defendants, and each of them, by such fictitious names. YONDER is informed, believes, and thereon alleges that each of the DOE Defendants is responsible for the claims and damages alleged herein and each DOE Defendant is jointly and severely liable with all other Defendants. YONDER will seek leave of Court to amend this Complaint when the identities of these Defendants are ascertained.

8. At all relevant times, Defendants acted through their agents, members and/or managing members. At all relevant times each of the Defendants sued herein, including the DOE Defendants, was the agent, ostensible agent, employee, alter ego, and/or co-conspirator of each of the remaining Defendants and at all times was acting within the purpose and scope of such agency, employment, and conspiracy and with the knowledge, authorization, permission, consent and/or subsequent ratification and approval of each co-defendant.

**JURISDICTION AND VENUE**

9. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. § 1338(b) because they form some part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because it is a judicial district in which a substantial part of the events giving rise to the claims asserted herein occurred, because Defendant is advertising and using the infringing mark in this judicial district, and because Defendant is a "resident" of this judicial district pursuant to Section 1391(c).

11. Jurisdiction is proper in the Central District of California because Defendant is advertising and offering services to California residents, including

///

through a live interactive webpage that allows California residents to interact and make reservations with Defendant:

    i. yondervacationrentals.com

    ii. yondervacationrentals.com/contact-us

    iii. yondervacationrentals.com/vacation-rentals/rentals-availability-calendar/

## FACTUAL BACKGROUND

12. YONDER is a unique, international booking platform that provides travel information services and connects consumers to a diverse range of overnight stays and activities at farms, ranches, vineyards, and nature-rich properties.

13. YONDER owns a portfolio of registered federal trademarks for the YONDER Mark including for the following goods and services:

- Travel information services, U.S. Trademark Registration No. 3652538 with a date of first use of at least March 27, 2009, (the "YONDER 538 Mark").
- Computer application software for, *inter alia*, providing information in the fields of travel, outdoor activities, and places for outdoor activities, U.S. Trademark Registration No. 4653620 with a date of first use of no later than June 4, 2013.
- A mobile application for booking agri-eco-accommodations in the nature of making reservations and booking temporary lodging for agricultural tourism and booking of eco-lodging, U.S. Trademark Registration No. 6228584 with a

      date of first use of no later than January 30, 2020.

- Providing a website for booking agri-eco-accommodations, namely, a website for making reservations and booking temporary lodging for agricultural tourism and booking of eco-lodging, U.S. Trademark Registration No. 6228584 with a date of first use of no later than January 30, 2020.

(Collectively, the "Yonder Marks").

14. YONDER (and its predecessors) have been using the YONDER Marks since at least March 27, 2009 in connection with travel information services, June 4, 2013 in connection with software applications for providing information in the fields of travel and places for outdoor activities, and as early as 2020 in connection with its booking platforms for making reservations and booking for eco and agri-tourism lodging and outdoor activities. YONDER has owned the domain name Yonder.com since April 15, 2019.

15. Since adopting the YONDER Marks, YONDER and/or its predecessor have continuously promoted and used the marks throughout the United States in interstate commerce, including through its websites and social media, and have expended considerable sums to maintain and develop the YONDER Marks.

16. As such, YONDER has created substantial and valuable goodwill among the purchasing public under the YONDER Marks. As a result of YONDER's use of the YONDER Marks, the mark has become and continues to function as its core business and marketing asset, and serves to indicate to the trade and consuming public the products originating from YONDER.

17. Moreover, the United States Patent and Trademark Office has also issued several office actions finding that the YONDER 538 Mark has priority over

1  subsequently filed trademark applications for the provision of booking services for
2  temporary accommodations, finding, *inter alia*, that "the evidence attached to
3  previous Office Action has clearly shown that providers of travel information also
4  commonly provide booking and reservation services –thus there is a clear market
5  crossover and the goods and services are closely related in this case."

6      18.    Further, Defendant is using the YONDER Mark for travel information
7  services, including travel and destination planning, outdoor events, cultural
8  events, destination information and "guest services," including "tailored" travel
9  information services, including through yondervacationrentals.com/yonder-
10  experience.

## FIRST CLAIM FOR RELIEF

## Trademark Infringement in

## Violation of Lanham Act § 32, 15 U.S.C. § 1114

14      19.    YONDER realleges and incorporates by reference herein the foregoing
15  paragraphs as though fully set forth in full herein.

16      20.    At all relevant times, Defendant has reproduced, copied and/or
17  imitated the YONDER 538 Mark and has applied such reproduction, copy and/or
18  colorable imitations to signs, displays, advertisements, promotional materials,
19  packaging, website content, and other materials used in commerce in connection
20  with the sale, offering for sale, distribution, or advertising of services in a manner
21  likely to cause confusion and/or mistake and/or to deceive.

22      21.    Defendant is acting and has acted with knowledge that its copying
23  and use of the YONDER Marks, and in particular the YONDER 538 Mark, is
24  unauthorized and unlawful.

25      22.    Defendant's trademark infringement has caused and, unless
26  restrained and enjoined by this Court, will continue to cause injury to YONDER's
27  business, reputation and goodwill for which it is without an adequate remedy at
28  law.

61794196.1

23. As a direct and proximate result, YONDER has suffered and is continuing to suffer injury, loss and damages in an amount according to proof at trial, and is entitled to recover damages, extraordinary damages, attorneys' fees, and to disgorgement of Defendant's unlawful gains and profits.

## SECOND CLAIM FOR RELIEF

**Federal Unfair Competition and False Designation of Origin**

**in Violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)**

24. YONDER realleges and incorporates by reference herein the foregoing paragraphs as though fully set forth in full herein.

25. Defendant's unlawful copying and use of the YONDER Marks, and in particular the YONDER 538 Mark, constitutes false and misleading designations of origin and false and misleading representations of facts, which:

    A. Are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with YONDER, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by YONDER; and/or

    B. Misrepresent the nature, characteristics, or qualities of Defendant's goods, services, or commercial activities.

26. Defendant's misconduct has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable injury to YONDER's business, reputation, and goodwill for which it is without an adequate remedy at law.

27. As a direct and proximate result, YONDER has suffered and is continuing to suffer injury, loss and damages in an amount according to proof at trial, and is entitled to recover damages, extraordinary damages, attorneys' fees, and to disgorgement of Defendant's unlawful gains and profits.

///

### THIRD CLAIM FOR RELIEF

### Cancellation of Federal Trademark Registration

### 15 U.S.C. §§ 1064 and 1119

28. YONDER realleges and incorporates by reference herein the foregoing paragraphs as though fully set forth in full herein.

29. Defendant applied for and obtained a federal registration for the mark Yonder, U.S. Registration No. 4379679 ("Defendant's 679 Mark").

30. YONDER has and will continue to be damaged by Defendant's 679 Mark and hereby prays for cancellation of the same.

31. Defendant claims a date of first use of September 13, 2011 in connection with Defendant's 679 Mark, which is at least two years and four months after YONDER's priority date for the YONDER 538 Mark.

32. Defendant does not have any basis for claiming rights in the Defendant's 679 Mark prior to YONDER's application date and or date of first use for the YONDER 538 Mark.  YONDER has priority of use of over Defendant.

33. Defendant's 679 Mark is likely to cause confusion, mistake or deception and/or is being used to misrepresent the source of services.

34. Defendant did not form the requisite good faith belief that Defendant is owner of the mark to be registered and that no other person, firm, corporation or association has the right to use said mark in commerce.

### FOURTH CLAIM FOR RELIEF

### Common Law and Statutory Trade Name Infringement

35. YONDER realleges and incorporates by reference herein the foregoing paragraphs as though fully set forth in full herein.

36. Defendant has engaged in trade name infringement under the common and statutory law of the State of California, California Business and Professions Code § 14402, *et seq*.

///

61794196.1

37. Defendant has deceived the public by misrepresenting that their services are in some way sponsored or authorized by YONDER under its YONDER Marks, and in particular the YONDER 538 Mark.

38. As a proximate result, YONDER has and continues to suffer damages according to proof at trial. Further, unless Defendant is restrained, YONDER will continue to suffer irreparable damage and injury to its reputation and goodwill.

## FIFTH CLAIM FOR RELIEF

### Unfair Competition and False Advertising in Violation of California Business & Professions Code § 17200, *et seq.*

39. YONDER realleges and incorporates by reference herein the foregoing paragraphs as though fully set forth in full herein.

40. Defendant's misconduct in trading upon YONDER's goodwill and reputation constitute unlawful, unfair and fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §§ 17200, *et seq*.

41. As a direct and proximate result, YONDER has suffered irreparable harm to its reputation and goodwill. As such, YONDER is entitled to injunctive relief as set forth herein.

## SIXTH CLAIM FOR RELIEF

### Common Law Unfair Competition

42. YONDER realleges and incorporates by reference herein the foregoing paragraphs as though fully set forth in full herein.

43. Defendant's use and imitation of the YONDER Marks, and in particular the YONDER 538 Mark, constitutes infringement, copying, imitation, and misappropriation of YONDER's intellectual property, unjust enrichment, as well as unfair competition with YONDER in violation of YONDER's rights under the common law of the State of California and other states of the United States.

///

44. Defendant's conduct outlined herein has unjustly enriched Defendant in violation of YONDER's rights. As such, YONDER is entitled to injunctive relief and monetary damages according to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, YONDER prays for judgment in its favor and against Defendants, including but not limited to, the following relief:

1. A preliminary and permanent injunction enjoining Defendants, their members, officers, principals, shareholders, agents, servants, employees, attorneys, successors and assigns, distributors, retailers and those in privity with them, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from any further infringement and/or dilution of the YONDER Marks and from any further acts of unfair competition.

2. For cancellation of the Defendant's 4379679 registration.

3. For an award of damages in an amount according to proof at trial;

4. For an accounting to YONDER for any and all profits derived by Defendants from the unlawful acts complained of herein, and for disgorgement of those profits;

5. For an award of statutory damages;

6. For reasonable attorneys' fees;

7. For costs in this lawsuit;

8. For interest as allowed by law; and

9. For such further relief as the Court deems just and proper.

DATED: July 1, 2021    **ROBINS KAPLAN LLP**

By: /s/ David Martinez
David Martinez
Attorneys for Plaintiff Yonder Global, PBC.

61794196.1

**DEMAND FOR JURY TRIAL**

YONDER hereby demands a trial by jury.

DATED: July 1, 2021            **ROBINS KAPLAN LLP**

By:  /s/ David Martinez
       David Martinez
Attorneys for Plaintiff Yonder Global, PBC.

61794196.1